Michael Duffy
vs.
Providence Teaming
Company

W.C.A.No.709

RESCRIPT

March 24, 1927

TANNER, P. J. This is a Workmen's Compensation petition brought to enforce an agreement entered into under the terms of the Compensation Act. It was, however, an agreement covering an injury which occurred upon a vessel and, as admitted by both sides, the accident was a cause of action which came solely within the jurisdiction of the United States courts. The petitioner, however, claims that even if the parties were mistaken as to the jurisdiction which governed their remedy originally, this is a mistake of law which does not avoid the contract into which the parties entered and that he is entitled to enforce the contract in the courts of this State. He cites the case of O'Brien vs. Det Forende Damphibs Selskab, 109 Atl. Rep. page 517.

This was a case practically identical in fact with the case at bar and the New Jersey court allowed a recovery upon the contract. It is to be noted, however, that the action in that case was an action at common law. It may well be that a common law action lies on a contract which is sued upon and has all the elements of a common law contract although the jurisdiction as to the cause of the action which was the subject of the contract was in the United States courts. This appears to us, however, to be quite a different thing from asking us to enforce this contract under the provisions of the State Workmen's Compensation Act. This seems to us to be invoking a jurisdiction which lies not in the courts of this State but in those of the United

States. It is not a mere suit upon a contract which has all the elements of a common law contract, but a special suit under the provisions of a special statute on a cause of action which lies outside of the jurisdiction of this court.

We think, therefore, the petition must be dismissed.

For Petitioner: Fergus J. Mc-Osker.

For Respondent: Lyman & Mc-Donnell.